BERRY B. SELF, PLAINTIFF, AND MAE I. SELF, INTERVENOR PLAINTIFF, v. LIFE ASSURANCE COMPANY OF CAROLINA AND PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY, DEFENDANTS

No. 7619SC178

(Filed 1 September 1976)

Insurance § 44— group health and disability insurance ——full-time employee — person working reduced hours

An employee whose work schedule was reduced at his request from six days a week to two days a week so that his earnings would not exceed the maximum amount allowed for him to receive full Social Security benefits was not "employed on a full-time basis"

within the meaning of a group hospital, medical and disability insurance policy issued to his employer.

APPEAL by defendant, Life Assurance Company of Carolina, from *Collier, Judge.* Judgment entered 16 October 1975 in Superior Court, RANDOLPH County. Heard in the Court of Appeals 7 June 1976.

Plaintiff, Berry B. Self, brought this action to recover hospital, medical, and disability benefits under a group insurance policy issued to his employer, Wagner Woodcraft, Inc., by the defendant, Life Assurance Company of Carolina. Alternatively, he sought to recover as a dependent of his wife under a group insurance policy issued to his wife's employer by the defendant, Provident Life and Accident Insurance Company. His wife was added as an additional party plaintiff in the action against Provident.

The case was tried by the court without a jury. The facts pertinent to the questions presented by this appeal, as established by the pleadings, pre-trial stipulations, exhibits, and uncontradicted evidence, are not in substantial dispute, and may be summarized as follows:

On 1 January 1970 Life Assurance Company of Carolina issued to Wagner Woodcraft, Inc., designated as the "Policyholder," its group insurance policy No. GO 173 by which Carolina agreed to pay certain hospital, medical, and disability benefits "with respect to the several persons insured" thereunder. Under the heading. "Eligibility for Insurance," the policy provided:

> "The classes of persons eligible for insurance hereunder (herein called the eligible classes) shall be all persons directly employed on a full-time basis and compensated for services by the Policyholder."

Under the heading, "Termination of Group Accident and Health Insurance," the policy provided:

> "The Group Accident and Health Insurance of any person hereunder shall automatically cease if his employment or membership in the classes eligible for such insurance hereunder terminates. . . .

\*     \*     \*

"Cessation of active work in the eligible classes will be deemed to constitute termination of employment. . . .

\*     \*     \*

"Termination of insurance because of termination of employment shall be effective automatically on the date of such termination of employment."

Plaintiff commenced working for Wagner in 1969. Until 19 April 1974 he worked an average of more than 40 hours per week. On 27 March 1974 he became 62 years old. In April 1974 he asked his employer for permission to work a reduced schedule of hours so that his wages would not be greater than $2,400.00 in that year. By doing this he could qualify to receive the full Social Security benefits then available to him. Wagner agreed, and after 19 April 1974 plaintiff began working on a reduced schedule which called for him to work 8 hours per day for two consecutive days per week, for a total of 16 hours per week. Beginning the work week ending 26 April 1974 plaintiff worked 16 hours per week every week up to and including the week ending 11 October 1974, except for the week ending 24 May 1974, when he worked only 2 hours, and the weeks ending 28 June, 2 August, 23 August, 30 August, 6 September, 20 September, and 27 September, during which weeks he did not work at all. Thoughout this period Wagner's business was good and work was available for its employees on an average of more than 40 hours per week.

In October 1974 plaintiff became ill, resulting in his hospitalization from 14 October 1974 to 4 November 1974, from 20 November 1974 to 3 December 1974, and from 9 December 1974 to 27 December 1974. As a result of his illness, plaintiff incurred hospital and medical expenses totalling $6,100.91. Plaintiff has not been able to work since the time of his illness, and at the time of the trial in October 1975 he was still disabled and suffering ill health.

Wagner paid all premiums for coverage of its employees, including the plaintiff. Coverage for dependents of an employee was available if the employee himself was covered, the premiums for coverage of the defendants being payable by the employee through payroll deductions. Life Assurance Company of Carolina sent Wagner each month a bill for the total amount of premiums due together with a list of all employees, showing which ones had coverage for dependents and the amount owed

by each. If an employee ceased work, Wagner's office secretary marked through his name and noted the termination date, and the next month Carolina would remove this employee's name from the bill. Plaintiff's name remained on the monthly list through November 1974, and monthly premiums for his coverage were paid to Carolina by Wagner during that time. Plaintiff paid for coverage on his dependents through weekly payroll deductions by his employer through the week ending 11 October 1974. Thereafter, when he became ill, he paid for an additional six weeks of coverage for his dependents by personal checks payable to his employer, which Wagner accepted and cashed.

In November 1974 the first hospital bill for plaintiff was received by Wagner. When Carolina was notified of receipt of this bill and the request for payment, Carolina for the first time notified Wagner that plaintiff was not entitled to benefits since he was not a full-time employee. Thereafter, in January 1975, Wagner tendered plaintiff its check for $136.96 as a refund for dependent coverage premiums paid by him in 1974.

On plaintiff's total bill of $6,100.91 for hospital and medical expenses, defendant Provident Life and Accident Insurance Company paid $1535.18 in settlement of its liability as a secondary carrier. In making this payment, Provident contended that the primary liability for the remainder of the hospital bills fell on Carolina as the primary insurer.

Other evidence will be referred to in the opinion. The trial court entered judgment making findings of fact and conclusions of law, including the conclusions that plaintiff, at all times pertinent to decision, was "an active employee working full-time" within the meaning of group policy No. GO 173 issued by Carolina to Wagner, that plaintiff was covered by the policy, and that Carolina is liable to plaintiff in the amount of $4,565.73 for medical and hospital expenses and in the amount of $910.00 for weekly disability benefits. From judgment in accord with these conclusions, defendant Life Assurance Company of Carolina appealed.

*Archie L. Smith for plaintiff-appellees.*

*L. P. McLendon, Jr., and E. Norman Graham for defendant, Provident Life and Accident Insurance Company, appellee.*

*Womble, Carlyle, Sandridge & Rice by John E. Hodge, Jr., for defendant, Life Assurance Company of Carolina, appellant.*

PARKER, Judge.

The question presented is whether plaintiff was "employed on a full-time basis" within the meaning of the eligibility clause in appellant's insurance policy at the time his illness commenced. We hold that he was not.

There is no question that plaintiff was so employed when the policy was issued in 1970 and that he remained so employed, and thus within the "classes of persons eligible for insurance," until 19 April 1974. At that time his job status changed radically. On his request, and by agreement with his employer, his regularly scheduled weekly work hours were reduced from 49 hours spread over 6 days per week, which he had been working and which other employees in his department continued to work, to 16 hours spread over 2 days per week. This was done to serve his purposes, not those of his employer. Work was available for him to perform throughout the entire 6 day work week had he wished to do so. That he recognized a radical change occurred in his status is shown by his written statement, introduced into evidence by consent, in which he stated:

> "I retired at 62 years old, and I could only make $2400 a year."

Although this statement, standing alone, would not be determinative of his rights in this case, it is a substantially accurate description of the factual situation which existed after 19 April 1974. In the period of twenty-five weeks which followed his going on the reduced work schedule in April and which ended in October when he ceased work altogether, he worked the reduced schedule during seventeen weeks, during one week he worked only 2 hours, and during the remaining seven weeks he worked no hours at all. We hold that a person, such as the plaintiff in this case, who is scheduled to work only two days a week when other employees work six, and who actually works even less than this limited schedule, cannot reasonably be considered as being "employed on a full-time basis."

In so holding we are, of course, advertent to the rule of construction that any ambiguity or uncertainty as to the meaning of words used in an insurance policy should be resolved against the insurance company, which drafted the contract, and in favor of the policyholder or the beneficiary. "However, ambiguity in the terms of an insurance policy is not established

by the mere fact that the plaintiff makes a claim based upon a construction of its language which the company asserts is not its meaning. No ambiguity, calling the above rule of construction into play, exists unless, in the opinion of the court, the language of the policy is fairly and reasonably susceptible to either of the constructions for which the parties contend." *Trust Co. v. Insurance Co.*, 276 N.C. 348, 354, 172 S.E. 2d 518, 522 (1970). As above noted, we cannot agree that the key words in the policy now before us, which specified that persons eligible for insurance "shall be all persons directly employed on a full-time basis," are reasonably susceptible to the meaning given them by the trial court and for which the appellees contend. Whatever uncertainty might exist when those words are applied to other factual situations, we perceive no ambiguity and experience no uncertainty in applying them in the factual context of the case now before us.

The policy provided that the policyholder, Wagner, should furnish the insurance company with monthly reports of all changes in status, as they occur, of the persons insured thereunder "affecting the amounts of their insurance and all terminations of insurance, together with the date of each such change or termination." Among its findings of fact, the trial court found that "Wagner furnished no such report to Life of Carolina on any change in the employment status of Self." It also found as a fact "that records of scheduled hours of employment for each employee were not required by Life of Carolina, or if required, were not furnished by Wagner, [thus leaving the matter of determining which employees were covered under the policy up to Wagner]." The bracketed portion of this finding is not a finding of fact, but is the trial court's conclusion of law. As such, we find it to be erroneous. Nothing in the facts found by the court or disclosed in the record in this case supports the conclusion that plaintiff's employer, Wagner, had the power to determine which of its employees were covered under the policy, except as, in its capacity as employer, it might specify their duties and fix their schedules of employment. The language of the policy itself determined which employees were covered, and Wagner had no power to change that language. Certainly, Wagner could acquire no such power to amend the policy or to determine who should and who should not be covered simply by failing to comply fully with the duty imposed on it by the policy to furnish the insurance company with monthly

reports. Indeed, the policy in express terms provides directly to the contrary. Under the heading, "Insurance Records," the policy contains the following:

> "Failure of the Policyholder to report the names of any persons who have qualified for insurance hereunder in accordance with the prescribed conditions, or failure to report any change in accordance with the provisions hereof, shall not deprive such persons of their insurance nor affect the amounts thereof; nor shall failure to report any termination of insurance of any person be construed as involving or effecting the continuance of such insurance beyond the date of termination determined in accordance with the provisions hereof."

We hold that under the undisputed facts of this case the plaintiff was not, at the time of his illness and hospitalization, a person "employed on a full-time basis" by the Policyholder, and for that reason he was not within the coverage of the policy. The judgment appealed from is

Reversed.

Judges HEDRICK and ARNOLD concur.